

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2006

# Roach v. SCI Graterford Med

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Roach v. SCI Graterford Med" (2006). *2006 Decisions.* Paper 1163.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1163

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-194                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5218
_____

BRYANT ROACH,
                              Appellant

v.

SCI GRATERFORD MEDICAL DEPT., JANE AND OR JOHN DOES,
PRISON HEALTH SERVICES, JANE AND JOHN DOES,
HAWKINS, LT.,
SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04459)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 13, 2006

Before:   BARRY, SMITH AND NYGAARD,   Circuit Judges.

(Filed: May 2, 2006)

_____

OPINION
_____

PER CURIAM

        Bryant Roach appeals from the United States District Court for the Eastern District

of Pennsylvania's order granting summary judgment in favor of the defendants.  We will dismiss the appeal pursuant to 28 U.S.C. 1915(e)(2)(B).

Roach alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated during the events leading up to his February 29, 2004, transfer from SCI-Graterford to Mercy Suburban Hospital and subsequent surgery removing his appendix and part of his colon.[1]  Roach claims that the nurse he saw at the SCI-Graterford infirmary on the morning of February 29 provided inadequate medical care; he also contends that a patrolling official did not respond quickly enough when he informed her that he needed to leave his cell and go to the hospital.

The District Court granted the defendants' motions for summary judgment, finding, inter alia, that Roach did not exhaust administrative remedies and that his allegations did not rise to the level of "deliberate indifference to serious medical needs" as required by Estelle v. Gamble, 429 U.S. 97, 104 (1976).  This timely appeal followed.

We exercise plenary review over the District Court's decision to grant summary judgment.  See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002).  Under 42 U.S.C. § 1997 e(a), prisoners are required to exhaust available administrative remedies before bringing a civil rights action concerning prison conditions, regardless of whether these

---

[1]Roach also alleges state medical malpractice claims related to these events.  The District Court correctly dismissed these claims without prejudice.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

remedies can provide the inmate with the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001).  We have interpreted this provision to require not only that an inmate has no further process available to him, but also that an inmate has engaged in "proper exhaustion," that is, the inmate has reached this endpoint only after having timely sought relief at every level available to him.  Spruill v. Gillis, 372 F.3d 218, 227-30 (3d Cir. 2004).

Roach failed to properly exhaust the administrative remedies available to him.  In the Pennsylvania Department of Corrections' system, an inmate is required to file his grievance within fifteen days of the event on which the claim is based.  See id. at 234. Though he complained informally to several officials, Roach did not file an official grievance on the required form until April 22, 2004, well over fifteen days after the February 29 event.  In addition, instead of properly appealing his time-bar rejection according to the Inmate Grievance System's three-tier format, Roach skipped the intermediate stage, and appealed directly to the Secretary's Office of Inmate Grievances and Appeals (stage III).  The Chief Grievance Officer sent Roach a letter in response, explaining his mistake, and directing him to file the appeal he skipped.  Roach took no further administrative action.

Roach defends his actions by asserting that he missed the fifteen-day window because he was waiting for prison officials to respond to his informal complaints before filing a formal grievance.  He also contends that filing a formal grievance would have

3

been futile because, based on his prior informal exchanges with the relevant prison officials, he already knew their responses to his complaint. While Roach's frustration is understandable, the exhaustion requirement is not excused. See Booth, 532 U.S. at 741 (2001); Spruill, 372 F.3d at 227-30.

Because Roach did not exhaust administrative remedies as required by 42 U.S.C. § 1997 e(a), and this fact alone is sufficient reason to dismiss the action, we need not reach the District Court's other grounds for granting the motion for summary judgment.

Because the appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). The parties' motions for summary action are denied as moot. Appellant's motion for appointment of counsel is denied.